5-17-0492, People v. Richard Atchison, and we're ready to go. As you've noted, I'm sure, Justice Overstreet needed to leave a little bit early today, and so he will be participating in the decision and will be reviewing the tape from today's hearing. I don't know if they put it on tape. It's not actual tape. It's the recording of some sort. It's trapped in the 80s. Sorry. Whenever you're ready. Thank you. May I please record, counsel? My name is Elizabeth Pratti, and I represent Mr. Richard Atchison in this matter. Mr. Atchison pled guilty to two counts of retail theft on appeal. He challenges only his eight-year prison sentence. At age 50, Mr. Atchison, who's had a lifelong struggle with mental illness, had achieved, for the first time, a degree of stability. He got married. He had a house for the first time that his mother got him and his wife. He had finally gotten disability benefits for his mental illness and was receiving mental health treatment in the community. Unfortunately, he messed up. He went to Walmart and stole some items. He received an eight-year extended term sentence. So he was the maximum under the extended term? Ten was the maximum. So he got less than the maximum? Just slightly, yes. What's our standard of review? For abuse of discretion, we have alleged both an excessive sentence for the eight-year prison term. In addition, it violates the Illinois constitutional mandate that sentences be issued in consideration of rehabilitation. Now, the two counts of theft that Mr. Atchison pled guilty to were the theft of a lawnmower and a weed eater, valued just over $200, and theft of grocery and home items in a cart that were valued a bit over $300. The items in the cart never left the store itself, so Walmart was never deprived of the value of those goods. And Mr. Atchison was ordered to pay restitution for the lawn care items, so Walmart was fully restored for the amount of those items. And yet, the trial court here sentenced Mr. Atchison to prison, and not only to prison, but to an extended term sentence of eight years in prison. Such a lengthy term for retail theft does not benefit the people of the state of Illinois in any way. Instead, it's an abuse of discretion that does not comply with our constitutional mandates, and has cost the state of Illinois, just for the incarceration, approximately $100,000. This is unreasonable and an abuse of discretion for multiple reasons. Mr. Atchison did not present a danger to the public. This was not a violent crime. It did not endanger anyone in the store. And in particular, Mr. Atchison obtained pretrial release by paying bond. And this court should note that at the guilty plea hearing, the trial court asked the state whether or not it was asking that that bond be revoked while they awaited the sentencing hearing. The state said no. So clearly neither the court nor the state thought Mr. Atchison was some sort of danger or risk to the public. Next, as noted, the serious, you know, retail theft is not a victimless crime, but it also does not mandate, nor is it consistent with an eight-year prison term. And restitution, again, was ordered. Walmart was fully compensated. Nothing about this sentence furthers the aim of rehabilitation. Mr. Atchison's best shot at rehabilitation was to remain in the community and to continue receiving mental health treatment with his treatment provider who had agreed to continue treatment, had made suggestions for improved compliance and effectiveness of treatment, and had written the court multiple times to note that she was not a victim. She would continue treatment with Mr. Atchison and comply with any necessary provisions from the court. Mr. Atchison has not been given the opportunity of probation since 1983 at age 19. He's now in his 50s. Again, deterrence is not alone a sufficient reason to justify this likely prison term. As is frequently cited in other cases and by research, it's the certainty of punishment and not the severity of the sentence that tends to promote deterrence. Further, if Mr. – and Mr. Atchison does have a lengthy criminal history. He has had prior incidents in prison. And if these have not further deterrence, certainly another eight-year prison sentence on the state's dime is not going to promote those interests. And again, the court was required to consider a cost of incarceration at over $23,000 a year. Again, this adds up to about $100,000 if Mr. – assuming Mr. Atchison, as I believe is now correct, has served four years of that prison term. As I noted in the brief, it looked like his parole date was September 7th. Is that correct? Yes. So he has now been released from custody. The state is still on the hook for the cost of MSR. So any reduction to his sentence would save the state of Illinois thousands of dollars. Finally, I'd like to briefly address the state's remarks and motion for additional – to cite additional authority regarding charging of the appeal fee for the state's attorney fee. The statute, again, as noted in the briefs – or in the reply brief, says that the court can collect fees if possible. Nothing in the decisions cited by the state make this mandatory. The decision cited by the state from, I believe, the 1970s addressed whether – People v. Nichols addressed whether the statute prevented charging of fees to indigent defendants. It does not. The court may charge fees to indigent defendants, but Mr. Atchison was on disability benefits before his incarceration. He's now spent four years in prison, and there's no logical reason to subject him to potentially further court proceedings or collections proceedings or to risk the state of Illinois spending any more money on this case in order to collect $50 from an indigent and chronically mentally ill defendant. The court may charge further court proceedings or to risk And so, like I said, I just sort of question what remedy can this court offer? The second issue is the question of fees, which is raised for the first time in the reply brief. I would note that per Supreme Court Rule 341J, issues, reply briefs should be strictly considered. Second of all, I just don't know how much clearer you can get than the two Supreme Court decisions directly on point here, where Nichols, which said an indigent and chronically mentally ill defendant should be charged with $50. The indigent defendant is entitled to appointed counsel, a free transcript, and may be excused from paying the filing fee on appeal, but he is still liable for the cost for a state's attorney's fee for defending an appeal, since there is no expression of legislative intent to the contrary. This is the legislature's thing. This is what Nichols pointed out. Many years later in Williams, when they revisit Nichols, they say, the legislature knew about Nichols. The legislature did not change the statute. And the Supreme Court in Williams noted that when a statute has been judicially construed by the highest court, having jurisdiction to pass on such a construction is as much a part of the statute as if plainly written in it originally. Now, we're not talking about a lot of money here. I think it's $50. And to say that this well-established law, which has existed for decades, should suddenly be excused for this client and then the next one that's indigent and the next one that's indigent and the next one that's indigent. That flies in the face. If the legislature wants to do that, the legislature can do that. The legislature can say, you can take this into account. Right now, the Supreme Court has said, this is the way it's written. And I think we have to consider that. I'm going to kind of jump around here a little bit. I want to deal with this issue that the cost of incarceration is $100,000. And so how can we take this guy that stole $300-some-odd worth of stuff and put him in prison for four years at the cost of $100,000? Under that theory, unless someone stole more than $47,000, that's the cost of one year of incarceration times the minimum sentence for a Class III felony, then a trial would never be justified in sentencing someone to prison rather than probation. Then that clearly is not the case. This is a situation, this is a factor that is considered. That is, when you take a career criminal like this who's not learning from his mistakes to say, oh, well, he only stole $300, so we can't spend this much, again, like I said, does that mean if he got the minimum sentence, the same argument would apply? It's still way more than what he cost. That's not the point. It is consideration, a consideration, and when you look at all the other factors, there is no doubt that that one factor doesn't mean he shouldn't be sentenced. As I think you noted, Justice Moore, this sentence is eight years. The range is five to ten. So his sentence falls right... He has committed eight per the PSI. He has committed eight felonies. Four of them were with a firearm. His most recent one was a methamphetamine case in Indiana, and he falls squarely under the valid reasons for an extended sentence. The statute says when a defendant is convicted of any felony after having been previously convicted of a same or similar class of felony. We have lots here. We have eight others. So he's definitely eligible for the extended sentence. His sentence is right in the middle of things. The defendant says, oh, well, I'm just getting my life together, and I have a steady job. But he had that steady job. He had the free house that his mother-in-law gave him. He had the wife, all these things that he says this is why he should get probation or should get a lawsuit. He had all those at the time he made not one but two thefts within just a few minutes of each other. If he had that house, if he has that steady income, if he has that wife, those steady factors, then why is he still stealing? And I would also note that the defendant's wife, the defendant's son, and the defendant's best friend are all convicted felons. This is a man who is 50 years old and has not outgrown the criminal behaviors that he has exhibited. He said he won't do it again, but here we have a judge who needs to make credibility determinations. As I noted, his wife and stepson have criminal history and were on probation at the time of the offense. The defendant has a very poor history of compliance with his mental health medications. He said he has this long history, but by his own admission, he would not take the prescribed medicine. He said he wasn't even following up when he was in prison, he got the medication. He gets out, he doesn't follow up. He says something came up. Is there something about him being put in confinement because he would not take the medication? Yes, there is. And despite the fact that he had a mental health provider at the time this occurred, he still wasn't taking the medication. I think the best thing that can happen to this man is that he be in prison where compliance can be enforced. And I think it's very important to note the level of service and inventory assessment tool ranked defendant and the maximum risk category as high or higher than 99.2% of the normative group of prison inmates. This judge made the reasonable decision to sentence this defendant to the extended term sentence. He put it right in the middle of the range and the sentence should be affirmed. So I have a question regarding something that's not been raised by either side, but in reviewing the record it becomes apparent that it doesn't appear that Supreme Court Rule 604D was followed in regard to an appeal on a negotiated plea. There was never a motion to withdraw the guilty plea was there in this case? Your Honor, I didn't brief this case as you may have noticed from the brief itself. It was briefed by an attorney that just left our office and I am not familiar enough with the record to answer that question. I suspect that counsel for the defendant is and I certainly can find out. Rule 604D would require that any negotiated plea, the only way to get to an appeal on that is to, for a negotiated plea, is to withdraw the guilty plea. Absolutely. And I don't believe that was done based on what I can see on the record. I was wondering if I missed that somewhere. I apologize for the fact that I'm not as familiar with the record as I normally am, but I agree we were legal folks. But as to whether that was done, not done, I confess my ignorance on that issue. No problem. Thank you. Maybe you can answer that. Yes, sir. Was there a motion to withdraw the guilty plea? First, this is not a fully negotiated plea. Mr. Atchison entered his plea to two counts of retail theft. They dropped charges, but there was no negotiation about the sentence. So this was for the purpose of the Supreme Court rule, an open plea, and he proceeded only by filing a motion to reduce the sentence. Now, this was remanded a previous time for full compliance with 604D. But, again, this is not a negotiated plea, and that includes appeal of the sentence. And I know that neither side raised this, so it's probably, you know, I'll give you extra time if I'm taking up some of your time. But in regard to the fact that he negotiated that it would be concurrent, that the state would only seek concurrent sentences, isn't that negotiating the sentencing to some degree? Because otherwise, by my calculation, he could have been allowed to go up to 16 years. And by agreeing, by making that agreement, it limited it to a maximum of 10. I confess since the state did not object to this, I don't have all of the details of the plea agreement in front of me. I don't believe that was a part of the plea agreement in such a way that it – I believe there was discussion and agreement that this would be concurrent. I don't believe that was part of the negotiation for the plea. I could certainly check that. But, again, Mr. Atchison has now gone through two appeals without any sort of objection to his raising the sentencing issues. All right. Thank you. I would briefly like to address a couple of other issues. The state, for the first time in argument, attempts to allege that this issue is somehow moot. The court, in its discretion, can reduce or modify this sentence as it sees fit. I don't believe Whitefield, which was not previously discussed by the state, is applicable in this matter. Again, we addressed the issue of the state's attorney plea in the reply brief because it was requested in the state's response brief. So that was the first time in which it became an appropriate issue to raise. So it was in response to the state's brief, not just a flight of fancy raised for the first time in a ply. Now, Nichols was asked to address that issue in a different procedural manner, with a different argument that certain rights granted to indigent defendants in the statute exempted them from these fees. It said they're not automatically, to paraphrase, it said they are not exempted. These still apply to them. The court may, and used the word may, issue those fees. Williams does not address the same issue but addresses another issue raised in Nichols. So while the language the state cites about precedent, certainly the court can consider that. It's not addressing the same issue raised here. I would point the court to Justice Carmichael's language in the dissent of Vera, discussing the impact of fines and fees on indigent defendants in particular. Certainly we believe it's well within the court's discretion to decline to impose that $50 fee, which may not be a lot to us in this room, but for someone who has been on social security disability and in prison for four years, $50 can make a serious difference. And in terms of compliance with medication, again, Mr. Atchison has a long history of chronic mental illness. Difficulty complying and understanding one's obligations at various times is part and parcel of chronic mental illness. He had a recent, we talk about recent stability. This was all very recent at the time of this incident. We're looking at what he stole, some lawn care items, some household goods. While he didn't dispute the charges and didn't plead guilty, he did assert that he didn't intend to steal the cart of items, only the lawn care items. That part is worth noting but not critical to the issue. His supporting treating provider indicated that she had recommendations and explicit measures to take to increase his compliance while in the community. Prison is not the best place for Mr. Atchison, and certainly, as the state suggests, we don't sentence people to life in prison for retail theft. And so ultimately, he's going to be in the community, is in the community now. This court should address the issue not only because it can save the state money, can let the court know that it needs to be considering these issues in issuing sentences. And for those reasons, we ask that this court reduce Mr. Atchison's sentence and alternatively not to assess fees for this appeal. Thank you. Thank you. The court will take into consideration the arguments made today and issue its ruling.